## In the Matter of Charles James RATHBURN, Jr.

### No. 02S00-0603-DI-97.

Supreme Court of Indiana.

Dec. 21, 2006.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* and the parties' briefs on sanctions, we find that the respondent engaged in attorney misconduct.

**Facts:** The facts in this case are uncontested because respondent failed to answer the Commission's amended complaint or appear for the hearing set in this matter.

**Count I:** On October 1, 2001 respondent filed a petition for dissolution of marriage on behalf of his client, the husband. On September 16, 2002, wife's attorney represented to the court that the wife had left the state and he was not able to contact her. The wife's lawyer was permitted to withdraw from the case. On November 10, 2003, his client filed a grievance because respondent had not concluded his dissolution despite wife's absence from the state and failure to contest any of the issues. Between May 1, 2002 and April 2004 respondent took no action to advance the client's case and did not return the client's phone calls.

**Count II:** In June 2003, a client hired respondent for representation in three criminal counts. In January 2004, one count resulted in a plea of guilty, one count resulted in an acquittal and one count resulted in a conviction.

On February 4, 2004, another attorney filed a notice of appeal on behalf of the client and appeared at the client's sentencing. The new attorney requested respondent to turn over his file to assist in preparing the client's appeal. On May 19, 2004, the new attorney filed a motion with the court to compel respondent to turn over the file, which the court granted on May 26, 2004. Respondent did not comply with the order and on May 28, the client filed a grievance.

On June 16, 2004, the new attorney filed a motion with the Court of Appeals, and on June 28, 2004, the Court of Appeals ordered respondent to turn over the file. Respondent did not comply and on August 4, 2004, the Court of Appeals ordered respondent to show cause why he should not be held in contempt. Respondent still did not reply. On September 7, 2004, the Chief Judge ordered respondent to appear in his chambers on October 6. Respondent did not appear. On October 12, 2004, respondent was found in contempt, ordered to turn over the file, fined and ordered to appear for incarceration.

On October 19, 2004, the Commission filed a Petition to Show Cause, alleging respondent's failure to cooperate with its investigation. A Show Cause Order issued

on November 12, 2004. Respondent complied with the Commission's demand on November 15 and on December 2, 2004, the Court of Appeals found that respondent had purged himself of contempt by turning over the file.

**Count III:** On August 11, 2003, a client hired respondent to obtain a driver's license. The client had been previously suspended as an habitual traffic violator. Respondent accepted a fee of $3,000 and traveled to LaPorte County to obtain copies of the files from the client's convictions. On June 15, 2004, the client terminated respondent's representation and demanded a return of unearned fees. On December 10, 2004, the client filed a grievance. In his response, respondent alleged he told the client he needed additional funds for transcripts in order to pursue his case. There is no evidence that this was communicated to the client. On June 6, 2005, the Commission subpoenaed respondent's file, but he did not respond. On or about August 30, 2005, this Court issued an Order to Show Cause. On September 12, 2005, respondent turned over his file, but has not refunded any money to the client.

**Count IV:** In October 2003, a client hired respondent to represent him in a criminal case involving allegations of operating as an habitual traffic violator. The client paid $4,000 out of an agreed retainer of $16,000. Respondent's fee agreement provided that the client would not receive a refund of any unused portion of the retainer.

On March 4, 2004, respondent entered his appearance and filed discovery requests. Respondent took no other substantive steps to advance the client's interests. The client called respondent several times, left messages, and wrote a letter to respondent, but respondent failed to respond to any of these attempts to make contact.

On April 19, 2005, another attorney appeared for the client and wrote respondent asking what had been done on the case. Respondent did not respond.

**Violations:** By his conduct, respondent violated Ind. Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness; Prof.Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; Prof.Cond.R. 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions; Prof. Cond.R. 1.5(a), which prohibits an lawyer from making an agreement for, charging, or collecting an unreasonable fee or an unreasonable amount for expenses; Prof. Cond.R. 1.16(d), which requires a lawyer to surrender client files and papers and return unearned fees upon termination of representation; Prof.Cond.R. 3.4(c), which requires a lawyer to obey an obligation under the rules of a tribunal; and Prof. Cond.R. 8.1(b), which prohibits a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority.

For the misconduct found herein, this Court suspends respondent from the practice of law, effective February 1, 2007, for a period of not less than eighteen (18) months, after which respondent may petition this Court for reinstatement pursuant to Ind. Admission and Discipline Rule 23 § 4. However, respondent shall remain suspended until such time as he successfully demonstrates to the satisfaction of this Court that he meets all of the reinstatement requirements, including that he can be safely recommended to the public as a person fit to resume the practice of law.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, James W. Rieckhoff, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.